# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| LIGHTHOUSE CONSULTING GROUP, LLC, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 6:19-cv-00594-ADA |
| vs. | § § | |
| TRUIST FINANCIAL CORPORATION (f/k/a BB&T CORPORATION), | § § § | |
| Defendant. | § § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(C)**

Steven M. Zager
State Bar No. 22241500
Jeffrey D. Mills
State Bar No. 24034203
KING & SPALDING LLP
500 West 2nd Street, Suite 1800
Austin, TX  78701
512.457.2000
szager@kslaw.com
jmills@kslaw.com

Stephen E. Baskin (*Admitted Pro Hac Vice*)
Dara Kurlancheek (*Admitted Pro Hac Vice*)
Peter Schmidt (*Admitted Pro Hac Vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W.
Second Floor
Washington, D.C. 20006-4707
202.737.0500
sbaskin@kslaw.com
dkurlancheek@kslaw.com
pschmidt@kslaw.com

*Attorneys for Defendant BB&T Corporation*

# **TABLE OF CONTENTS**

I.     Amendment-Based Prosecution History Estoppel Applies. ................................................ 2

II.    Argument-Based Prosecution History Applies. .................................................................. 8

III.   Conclusion ........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amgen Inc. v. Coherus Biosciences, Inc.*,
931 F.3d 1154 (Fed. Cir. 2019)..................................................................................1

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
457 F.3d 1293 (Fed. Cir. 2006)...............................................................................4, 6

*Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*,
460 F.3d 1349 (Fed. Cir. 2006)...............................................................................8, 9

*Deering Precision Instruments, L.L.C. v. Vector Distribution Sys., Inc.*,
347 F.3d 1314 (Fed. Cir. 2003)..................................................................................8

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
344 F.3d 1359 (Fed. Cir. 2003)..................................................................................*1*

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
493 F.3d 1368 (Fed. Cir. 2007)...............................................................................3, 6

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
535 U.S. 722 (2002)....................................................................................................2

*Hughes Aircraft Co. v. United States*,
140 F.3d 1470 (Fed. Cir. 1998) (*Hughes XV*)............................................................5

*Hughes Aircraft Co. v. United States*,
717 F.2d 1351 (Fed. Cir. 1983) (*Hughes VII*)...........................................................5

*Pioneer Magnetics, Inc. v. Micro Linear Corp.*,
330 F.3d 1352 (Fed. Cir. 2003)..................................................................................6

*Ranbaxy Pharms., Inc. v. Apotex, Inc.*,
350 F.3d 1235 (Fed. Cir. 2003)...............................................................................3, 6

*Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*,
520 U.S. 17 (1997).............................................................................................4, 5, 10

**Other Authorities**

Fed. R. Civ. P. 12(c) ..............................................................................................1, 2

Defendant Truist Financial Corporation (hereinafter referred to as "Defendant") submits this reply in support of its Opposed Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). Plaintiff Lighthouse Consulting Group, LLC's ("LCG" or "Plaintiff") complaint should be dismissed with prejudice.

Plaintiff asserts two patents, U.S. Patent No. 8,590,940 ("'940 Patent") and 7,950,698, reissued as U.S. RE44,274 ("'698 Patent"). DKT #1. Plaintiff's response confirms that no claim of literal infringement is made and that Plaintiff claims infringement only under the doctrine of equivalents. That claim is barred as a matter of law by prosecution history estoppel.

Plaintiff's response hinges on repeated erroneous assertions that there are fact questions precluding a determination that prosecution history estoppel applies.[1] The Federal Circuit has made clear that "whether prosecution history estoppel applies, and whether the doctrine of equivalents may be available for a particular claim limitation, presents a question of law" for the Court. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1367-68 (Fed. Cir. 2003); *Amgen Inc. v. Coherus Biosciences, Inc.*, 931 F.3d 1154, 1161 (Fed. Cir. 2019) (affirming 12(b)(6) dismissal where "[t]he district court did not err in determining that prosecution history estoppel bars [patentee] from succeeding on its infringement claim under the doctrine of equivalents."). Plaintiff points to no disputed fact issues that preclude this Court from determining that prosecution history estoppel bars its infringement claims.[2]

---

[1] DKT #42, Plaintiff's Response to Defendants' Motion to Dismiss, at 1.

[2] Most of the questions of "fact" that Plaintiff identifies are questions related to the application of the doctrine of equivalents to the accused products, not whether prosecution history estoppel bars application of the doctrine of equivalents. *See, e.g.*, DKT #42 at 1 ("Whether Defendant's Accused Instrumentality secures a check to an equivalent carrier is a question of fact, not to be decided on a Fed. R. Civ. P. 12(c) Motion to Dismiss for Judgment on the Pleadings. Whether the Defendant's Accused Instrumentality's equivalent carrier is capable of receiving a 'plurality of negotiable instruments' is a question of fact, not to be decided on a Fed. R. Civ. P. 12(c) Motion to Dismiss for Judgment on the Pleadings. Whether the Defendant's Accused Instrumentality is capable of generating 'one front

For example, Plaintiff's entire defense to amendment-based prosecution history estoppel is based on the claim that the accused products present unforeseen "after-arising technology." But Plaintiff's own admissions negate that claim. Plaintiff admits that the accused mobile check deposit applications were ***publicly introduced and available in 2009***, well before it amended the claims in 2010 and 2013. Similarly, Plaintiff 's defense to argument-based estoppel fails to cloud the clear and unambiguous statements it made during prosecution of both patents that preclude application of the doctrine of equivalents to mobile check deposit applications. Instead, Plaintiff tries to rewrite these statements, wrongly claims it did not make the statements, and continues to rely on its assertions of after arising technology which are negated by its own admissions and inapplicable to argument-based estoppel.

## I.  Amendment-Based Prosecution History Estoppel Applies.

Amendment-based estoppel bars resort to the doctrine of equivalents. As Plaintiff states, "[a] patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim." DKT #42 at 5 quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002). For the '698 Patent, Plaintiff amended independent claim 40 (issued as claim 1 of the '698 Patent) to require an identifier "on a front side and back side of the carrier." DKT #40 at 3; DKT #42 at 9. For the '940 Patent, Plaintiff amended claim 1 to require the carrier to receive "a plurality of negotiable instruments" and permit "one front image" and "one back image of all the negotiable instruments to be generated." DKT #40 at 3; DKT #42 at 9. Plaintiff does not dispute that these narrowing amendments raise a presumption of prosecution history estoppel under *Festo*.

---

image and one back image of all the negotiable instruments' is a question of fact, not to be decided on a Fed. R. Civ. P. 12(c) Motion to Dismiss for Judgment on the Pleadings.")

Instead, Plaintiff argues only that the *Festo* presumption is rebutted "because the equivalent subject matter is after-arising technology that was unforeseeable" and that "whether the after-arising technology was unforeseeable at the time of the filing of the patents-in-suit is a question of fact that is not ascertainable from the complaint or the file history." DKT #42 at 1, 6-10. Plaintiff acknowledges that as patentee it bears the burden of rebutting the *Festo* presumption (DKT#38 at 5), but it wholly fails to raise even a fact issue as to whether the accused mobile deposit applications are "after-arising technology." The Federal Circuit has "consistently held that an equivalent is foreseeable when the equivalent is known in the pertinent prior art at the time of the amendment." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 1378 (Fed. Cir. 2007).[3] Here, Plaintiff's complaint admissions establish that the accused mobile deposit applications for depositing a check into a bank account were known and in use before the narrowing amendments were made.

- Plaintiff's complaint alleges that the first mobile applications for remote deposit capture (RDC) were available in **2009**. DKT #1, Complaint ¶26 ("d. 2009: first RDC mobile app").

- Plaintiff's complaint against Defendant USAA alleges that USAA "introduced mobile checking deposit functionality in their mobile banking application on or about August 9, 2009." Case No. 6:19-cv-00606-ADA, DKT #1, ¶34, *see also* ¶22.

By contrast, it is undisputed that Plaintiff filed the '940 Patent narrowing amendment in **June 2010**, and the '698 Patent narrowing amendment in **February 2013**. DKT #40 at 4. Thus, the accused mobile deposit applications cannot be "after-arising technology" because they had been introduced to the public well before the narrowing amendments. *See, e.g., Ranbaxy Pharms., Inc.*

---

[3] Plaintiff appears to agree that foreseeability is assessed at the time of the amendment. DKT #42 at 11 ("Defendant cites to caselaw to show that the fact finder must determine foreseeability at the time of the amendment. This is true…").

*v. Apotex, Inc.*, 350 F.3d 1235, 1241 (Fed. Cir. 2003) ("the notion that [the alleged equivalent] acetic acid was unforeseeable…flies in the face of the fact that [Patentee] Apotex stated that formic acid and acetic acid…are readily known by chemists to exhibit similar properties"); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 457 F.3d 1293, 1313 (Fed. Cir. 2006) (equivalent foreseeable "because the patentee admittedly knew about the 165-amino acid equivalent at the time of the third preliminary amendment.").

Unable to explain how mobile deposit applications introduced before its claim amendments could possibly be considered "after-arising technology", Plaintiff retreats to a series of unavailing attempts to excuse this fatal flaw. For example, Plaintiff erroneously argues that it can "obviate" (e.g., disregard) the amended claim elements for purposes of proving equivalents as long as the doctrine of equivalence can be applied to the term "carrier" itself. DKT #42 at 10-11 ("once it is determined that the doctrine of equivalents can be applied to the claim term 'carrier' itself, then the other claim limitations may be obviated due to the carrier no longer being a physical thing."). Plaintiff's contention is plainly contrary to the all elements rule enunciated by the Supreme Court in *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 29-30 (1997). The Supreme Court made clear in *Warner-Jenkinson* that the doctrine of equivalents must be applied to each ***individual element of the claim***: "[e]ach element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole." *Warner-Jenkinson*, 520 U.S. at 29. "An analysis of the role played by each element in the context of the specific patent claim will thus inform the inquiry as to whether a substitute element matches the function, way and result of the claimed element, or whether the substitute element plays a role substantially different from the claimed element." *Id.* at 40. Thus, even when Plaintiff contends that the "carrier" itself is not

a physical thing, it must still apply the doctrine of equivalents to each individual claim element. The amended claim elements cannot be "obviated" as Plaintiff desires.

Plaintiff relies heavily on *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1365 (Fed. Cir. 1983) (*Hughes VII*) to support its assertion that the amended claim elements can be "obviated." DKT #42 at 10-11.  But *Hughes VII* does not involve a situation where claim elements were "obviated".  To the contrary, *Hughes VII* involves a situation where the *Warner-Jenkinson* all elements rule was applied and the Court concluded that the accused products met the function-way-result test for equivalents.  *See Hughes Aircraft Co. v. United States*, 140 F.3d 1470, 1473 (Fed. Cir. 1998) (*Hughes XV*).  After *Hughes VII*, the parties continued to litigate for many years. Along the way, the government resurrected its challenge to the finding of liability under the doctrine of equivalents.  The Supreme Court eventually granted *certiorari*, vacated the judgment of infringement, and remanded the case for reconsideration in view of *Warner-Jenkinson*.  *Hughes XV*, 140 F.3d at 1473.  On remand, the Federal Circuit instructed that under *Warner-Jenkinson* the "doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole."  *Id.* at 1474.  The Court then reviewed the individual claim elements at issue and determined that "[t]he court in *Hughes VII* correctly performed an analysis of the function, way, and result of the individual elements in the accused devices and concluded that these elements equivalently met the claim limitations at issue."  *Hughes XV*, 140 F.3d at 1475.  Plaintiff's attempt to "obviate" the amended claim language is a misreading of *Hughes VII* and clearly violates the *Warner-Jenkinson* admonition that "[i]t is important to ensure that the application of the doctrine [of equivalents], even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety."  520 U.S. at 29-30.

Plaintiff's inability to "obviate" the amended claim elements is likewise fatal to its corollary argument that the "carrier" claim term was not amended after the introduction of mobile deposit applications. DKT #42 at 10. The focus of the *Festo* prosecution history estoppel inquiry is on the individual claim elements added by amendment, and when those amendments take place. *Festo*, 493 F.3d at 1378. Claim language that was not amended, like the term "carrier", is simply irrelevant to the question whether prosecution history estoppel applies to claim elements that were added by amendment.

Next, Plaintiff incorrectly contends that foreseeable equivalents are limited to equivalents disclosed by the prior art considered by the patent examiner. DKT #42 at 9; *see also* DKT #42 at 11. The Federal Circuit's foreseeability test is not restricted to the prior art cited during patent prosecution. The Federal Circuit has "consistently held that an equivalent is foreseeable when the equivalent is known in the pertinent prior art at the time of the amendment." *Festo*, 493 F.3d at 1378. Under this test, the universe of prior art that establishes foreseeability encompasses prior art technology acknowledged by and/or known to the patentee. *See, e.g., Ranbaxy*, 350 F.3d at 1241 (Patentee statements that alleged equivalent was known prior to amendments); *Amgen*, 457 F.3d at 1313 (same). The lone case Plaintiff cites, *Pioneer Magnetics, Inc. v. Micro Linear Corp.*, 330 F.3d 1352, 1357 (Fed. Cir. 2003), held that *the equivalent was foreseeable* and that prosecution history estoppel applied when the alleged equivalent was disclosed in a prior art reference cited during prosecution. It did not present or address the issue of foreseeability in circumstances where the alleged equivalent was otherwise known and publicly available but not identified in the prior art addressed during prosecution.

Plaintiff further argues that it can still establish infringement under the doctrine of equivalents even if the Court finds that the mobile deposit applications were foreseeable (i.e., not

after-arising technology). DKT #42 at 12.  According to Plaintiff, "if the Court rules that there must be unforeseeability in order to avoid the application of prosecution history estoppel then this would require every application of the doctrine of equivalents to show that the equivalent to which it is being applied was unforeseeable at the time of any amendment."  DKT #42 at 13.  Not so. Contrary to Plaintiff's assertions, the question of foreseeability does not arise whenever the doctrine of equivalents is raised.  The issue of foreseeability only arises where – as here – it is raised by a patentee attempting to rebut the presumption of prosecution history estoppel that arises under *Festo* from a narrowing amendment made during prosecution.  Plaintiff's argument, in effect, invites this Court to ignore the Supreme Court's controlling *Festo* decision and allow it to invoke the doctrine of equivalents even though it cannot rebut the presumption of prosecution history estoppel.

Last, Plaintiff argues that the construction of the term "secured to" and "carrier" are in dispute.  DKT #42 at 13.  The construction of these terms has nothing to do with whether amendment-based prosecution history estoppel applies.  The cited amendments do not include the term "secured to" at all.  Nor do these amendments depend on how the term "carrier" is defined, for example, whether the carrier itself is a physical object or can somehow be digital.  The '698 Patent amendment adds a claim element requiring an identifier on the front and back side of the carrier, and the '940 Patent amendments add a claim element requiring the carrier to receive a plurality of negotiable instruments and permit "one front image" and "one back image of all the negotiable instruments to be generated."  In other words, the claim elements added by amendment specify elements that the carrier must include whether the construction refers only to physical objects or not.

Simply put, Plaintiff has failed to rebut the presumption of prosecution history estoppel that arises as a result of the claim amendments it made during prosecution.

## II.  Argument-Based Prosecution History Applies.

During prosecution, Plaintiff made several arguments that evince a clear and unmistakable surrender of equivalents that would encompass Defendant's mobile remote check deposit application.  DKT #40 at 4-5.

(1) During prosecution of the '940 Patent, Plaintiff stated "after the negotiable instruments are inserted or attached to the carrier, as noted in paragraph [0074], ***the carrier is placed into a fax machine, for scanning both the front and backside***."  DKT #40 at 4-5; DKT #42 at 14.  This statement makes clear that the "carrier" is a tangible object because it is "placed into a fax machine".  Plaintiff asserts that this deduction "makes a determination of fact" but Plaintiff offers no plausible way to interpret this statement to refer to a carrier that is intangible software.  DKT #42 at 14.  Instead, Plaintiff resorts to the doctrine of foreseeability, arguing that whether the accused technology "was foreseeable … at the time the statements were made in the prosecution history…is a question of fact."  DKT #42 at 14.  But as others have pointed out, the foreseeability exception applies to ***amendment***-based prosecution history estoppel, not to ***argument***-based estoppel.[4]  *See Deering Precision Instruments, L.L.C. v. Vector Distribution Sys., Inc.*, 347 F.3d 1314, 1325-27 (Fed. Cir. 2003) (analyzing amendment-based estoppel and argument-based estoppel and not applying the law regarding *Festo* presumption to argument-based estoppel); *see also Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1363-64 (Fed. Cir. 2006) (distinguishing amendment-based estoppel from argument-based estoppel). For argument-based

---

[4]  *Jack Henry & Associates, Inc. v. Lighthouse Consulting Group. LLC*, 6:19-cv-00682-ADA, DKT #24 at 3; *Lighthouse Consulting Group, LLC v. USAA Capital Corporation,* 6-19-cv-00606-ADA, DKT #15 at 6.

estoppel, what matters is whether "a clear and unmistakable surrender of subject matter" occurred. *Conoco*, 460 F.3d at 1364.  Here, Plaintiff made clear and unmistakable statements that the carrier is a tangible object that "is placed into a fax machine."

(2) During prosecution of the '940 Patent, Plaintiff clearly and unmistakably distinguished claim 1 from mobile applications that remotely deposit a single negotiable instrument, like Defendant's.  DKT #40 at 5.  Plaintiff distinguished claim 1 from prior art Schmidt and Reynders references based on the ability to remotely deposit *a plurality of negotiable instruments* with software that can receive one front image and one back image of *all the negotiable instruments*. For example, Plaintiff stated that "Schmidt et al fail to teach a system that can remotely deposit a plurality of negotiable instruments using one carrier that can accommodate multiple negotiable instruments. Schmidt et al. also fail to teach a system, with software that can receive one front image of all the negotiable instruments and one back image of all the negotiable instruments." DKT #40 at 5.  Plaintiff offers no substantive response to this clear disclaimer.  Instead, it incorrectly states that the citation is incorrect and that it never made this statement.  DKT #42 at 14-15.  But the statement clearly appears at DKT #77-1, Case No. 2:19-CV-0250-JRG-RSP at 42 of 292 (PDF page numbering) as cited.  Ex. 1.[5]

(3) During prosecution of the '698 Patent,[6] Plaintiff clearly and unmistakably surrendered any claim that electronically generating and transmitting a stand-alone negotiable instrument is somehow equivalent to a negotiable instrument "secured to a carrier" by arguing that "Botvin is only directed to the generation and transmission of a stand-alone negotiable instrument that is NOT

---

[5]  For ease of reference, Defendant attaches the cited '940 prosecution history document as Exhibit 1.  The quoted language appears at PDF page 43 instead of page 42 because of the addition of the Exhibit cover page.

[6]  The '940 Patent issued from a continuation of the patent application that issued as the '698 Patent.  Thus, the prosecution history of the '698 Patent is part of the prosecution history of the '940 Patent.

secured to a carrier." DKT #40 at 5 (emphasis in original). Plaintiff's response improperly attempts to rewrite the argument it made during prosecution. Plaintiff claims that it really argued "Botvin discloses no carrier" and thus "what was surrendered was subject matter without a carrier." DKT #42 at 15. But what Plaintiff argued is both clear and unmistakable: the electronic generation and transmission of a stand-alone negotiable instrument is not secured to a carrier.

Here Plaintiff is not even alleging that the accused mobile remote deposit applications include a negotiable instrument that is "secured to the carrier" as required by every asserted claim. Plaintiff instead claims that "if the doctrine of equivalents applies to the 'carrier' limitation.", then the claim limitation[] 'secured to the carrier'" is "*obviated* under *Hughes IV* [sic, *Hughes VII*] due to the after arising technology which implemented a digital carrier."[7] DKT #42 at 3. Plaintiff cannot distinguish its claims from Botvin by arguing Botvin's electronically generated and processed negotiable instruments are not secured to a carrier, and then argue here that the claim limitation requiring a negotiable instrument secured to the carrier is obviated under the doctrine of equivalents. This is precisely what the doctrine of argument-based estoppel is designed to prohibit.

Plaintiff's attempt to assert that Defendant's mobile deposit application infringes under the doctrine of equivalents is clearly barred by argument-based prosecution history estoppel.

## III.  Conclusion

For reasons stated in Defendant's moving papers, and reasons stated in the moving papers filed by other Defendants, this Court should grant Defendant's motion for judgment on the pleadings and dismiss Plaintiff's Complaint with prejudice.

---

[7] As discussed in Part I, Plaintiff cannot ignore or "obviate" claim limitations and is obligated to establish equivalence for each missing claim limitation under the all elements rule enunciated in *Warner-Jenkinson*.

Dated: July 16, 2020                    Respectfully submitted,

                                        KING & SPALDING LLP

                                        *Steven M. Zager*
                                        Steven M. Zager
                                        State Bar No. 22241500
                                        Jeffrey D. Mills
                                        State Bar No. 24034203
                                        500 West 2nd Street, Suite 1800
                                        Austin, TX  78701
                                        512.457.2000
                                        szager@kslaw.com
                                        jmills@kslaw.com

                                        Stephen E. Baskin (*Admitted Pro Hac Vice*)
                                        Dara Kurlancheek (*Admitted Pro Hac Vice*)
                                        Peter Schmidt (*Admitted Pro Hac Vice*)
                                        1700 Pennsylvania Ave., N.W.
                                        Second Floor
                                        Washington, D.C. 20006-4707
                                        202.737.0500
                                        sbaskin@kslaw.com
                                        dkurlancheek@kslaw.com
                                        pschmidt@kslaw.com

                                        *Attorneys for Defendant BB&T Corporation*


## CERTIFICATE OF SERVICE

I certify that on July 16, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.  I further certify that I caused a copy of this document to be mailed by first-class mail to all non-CM/ECF participants.

                                        */s/ Jeffrey D. Mills*
                                        Jeffrey D. Mills